UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
AA, by and through her parents BB                               :
and CC et al.,                                                  :
                                                                :
               Plaintiffs,              :       ORDER
                                                                :
          -v.-                                  :
                                                                :       25 Civ. 752 (DEH) (GWG)
                                                                :
CITY OF NEW YORK et al.,                                        :
                                                                :
               Defendants.              :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      This case involves allegations of sexual abuse of two young children at afterschool and summer programs at a public school building in Manhattan. Plaintiffs seek to inspect the school building at which the alleged abuse took place. (Docket # 51). Fed. R. Civ. P. 34(a)(2) allows a party to serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property." In assessing such a request, courts balance "the degree to which the proposed inspection will aid in the search for truth" against the "burdens and dangers created by the inspection." New York State Ass'n for Retarded Children Inc. v. Carey, 706 F.2d 956, 961 (2d Cir. 1983). Defendants New York City Department of Education and the City of New York (collectively, the "City") oppose the request. (Docket # 52.)

      The layout of the building is highly relevant to this action as one of the key issues is whether the alleged abuse of the plaintiff schoolchildren was visible to school staff and whether the children were taken to unused rooms that should have been locked.

      The City argues that inspection will not be useful because the building "most-likely [sic] physically changed" between the time the abuse first started (in the fall of 2021) and the present. (Docket # 52 at 2). However, given the absence of proof provided by the City that any such change occurred (and the fact that the City is in the best position to know whether in fact there was such a change), the City's speculation on this point carries no weight.

      The City also complains that the plaintiffs should not be allowed to inspect all classrooms and other locations citing case law that in some instances rejected wide-ranging inspections of physical spaces, including jail facilities. (Docket # 52 at 2-4). But the allegations here as to the rooms where the abuse took place are understandably imprecise in light of the age of the plaintiffs. Accordingly, in the absence of definitive evidence as to the classrooms plaintiffs were

assigned to and the rooms that they were improperly taken to, the request to inspect the entire building is not overbroad.

Next, the City argues that the plaintiffs should not be allowed to inspect the offices used by the non-City entity that operated the programs plaintiffs participated in. (Docket # 52 at 2). We reject this argument as the location of the administrators of the program in relation to the locations of the alleged abuse is obviously relevant.

The City also contends that the inspection should not take place until after the classrooms and locations where the abuse took place are identified in depositions, arguing that the inspection "could be used to formulate which classrooms best serve parties' speculative theories." Docket # 52 at 3. The Court shares the concern that the inspection could aid an after-the-fact construction of a narrative as to what occurred. However, this possibility is outweighed by the plaintiffs' attorneys' obvious need to understand the layout of the building in order to intelligently investigate the case and question witnesses at depositions. Additionally, this case involves very young children who understandably may not have a specific recollection as to the location of the rooms at issue. Thus, deposing the children before allowing inspection of the building will likely not allow for a narrowing of the inspection. Furthermore, the attorneys who will have access to information regarding the building's layout following the inspection presumably do not represent non-party witnesses and thus the attorneys would be unlikely to improperly influence those witnesses as to what they observed.

Accordingly, the motion to compel the City to permit the inspection (Docket # 51) is granted. Obviously, the inspection should be limited to a reasonable time period and must occur during non-school hours. If the parties cannot work out the details, further application may be made to the Court in a joint letter that lays out each area of dispute.

Dated: New York, New York
June 3, 2025

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge