UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                                              :
AA, by and through her parents BB and CC; BB;
CC et al.,                                                    :
                    Plaintiffs,                                       ORDER
                                                              :
            -v.-
                                                              :        25 Civ. 752 (DEH) (GWG)

CITY OF NEW YORK et al.,                                      :

                    Defendants.                               :
--------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

        With respect to the dispute regarding plaintiffs' requests for admission raised in Docket
## 97 and 103, the Court overrules any objections by the City that a request seeks to admit a
"material proposition, principal fact, operative fact, or ultimate issue of dispute in the case," as
these are not bases for objecting to requests for admission.

        That being said, it is obvious that the parties have not had a serious discussion about
resolving this dispute given that they met for only 10 minutes in a discussion that allegedly
addressed both this dispute and a dispute about plaintiffs' document requests.

        The parties should confer again and go through each disputed request for admission one
by one.   Plaintiffs should be able to articulate how each request will narrow the issues at trial.
If the City finds a request to be problematic, it should discuss with plaintiffs how the request
could be reworded (if possible) to satisfy its objections.   Where the City believes that deposition
testimony addresses the facts at issue in a request, plaintiffs should take on the burden of
explaining what additional facts they seek to have admitted — beyond what was said at the
deposition — in order to narrow the issues at trial.

        As for plaintiffs' document requests, these too must be the subject of a serious discussion.
The Court assumes that part of the reason there has not been such a discussion is that the City is
standing on its objection of untimeliness.   Without ruling on whether the City's objection was
meritorious at the time it was made, the Court will obviate the objection by extending the
deadline for document requests to allow the specific requests at issue.   In other words, the City
should treat plaintiffs' document requests as timely made.   The City shall respond to them by
December 19, 2025 (unless the parties agree on another date). In responding, the City is
permitted to interpose objections other than timeliness.   If disputes remain, they may be brought
to the Court's attention in accordance with paragraph 2.A of the Court's Individual Practices.   In
conferring about any dispute, the parties are reminded that while plaintiffs are permitted to
obtain relevant information, the retrieval of any information should impose no undue burden on
the City and that any request must be proportional to the needs of the case.

        If necessary, an extension of the Court's scheduling order should be sought to allow for
the orderly progress of this case.

SO ORDERED.

Dated: December 2, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge